UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSE WADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-502** |
| **CLEMCO INDUSTRIES CORP. ET AL** | **SECTION "L"** |

### ORDER & REASONS

Before the Court are three Motions seeking partial summary judgment filed by Defendants Lamorak Insurance Company ("Lamorak") and Mississippi Valley Silicia Company ("MV"), R. Doc. 34, Clemco Industries Corp. ("Clemco"), R. Doc. 35, and Chevron USA ("Chevron"), R. Doc. 36. Defendants seek to dismiss Plaintiff's claims for punitive damages under general maritime law. Plaintiff filed a response opposing all of the Motions. R. Doc. 38. Defendants Lamorak and MV filed a reply, which Clemco and Chevron adopted. R. Doc. 43.

**I.   BACKGROUND**

Plaintiff Rose Wade is the widow of the late Garland R. Wade ("Deceased"), who died on January 21, 2015, of exposure to silica dust which resulted in silicosis and eventually Connective Tissue Cancer. R. Doc. 1 at 3; R. Doc. 19 at 1-2. Plaintiff names Clemco Industries Corp ("Clemco"), Mississippi Valley Silica Company ("MV"), Lamorak Insurance Company ("Lamorak"), and Chevron U.S.A. Inc. ("Chevron") (collectively, "Defendants") as co-defendants on the grounds that Defendants designed, marketed, manufactured, distributed or sold negligently-designed and manufactured products, exposing Deceased to asbestos fibers which proximately and

directly caused or aggravated his illness and death. R. Doc. 1 at 1-3, 6; R. Doc. 23 at 1-2. Plaintiff seeks $5,000,000 in damages, claiming she is entitled to a wrongful death action against Defendants pursuant to Louisiana and general maritime negligence law. R. Doc. 1 at 3; R. Doc. 19 at 2.

From approximately 1962-1972, Deceased was employed as a sandblaster and paint sprayer on vessels owned by Coating Specialists Inc. R. Doc. 1 at 2. Deceased also performed work on permanent fixed platforms owned and/or operated by Chevron U.S.A. Inc., both in Louisiana and in federal waters. *Id*. Plaintiff alleges that the defective design, manufacture, and distribution of the materials used by Deceased in his work as a sandblaster exposed him to silica and lead to his Connective Tissue Cancer. *Id.* at 3. Such materials include, but are not limited to, a hood provided by Clemco and sand provided by MV, who allegedly designed, manufactured, and/or distributed such defective equipment negligently and without instruction for proper use. *Id*. at 4. Plaintiff also claims, among other things, failure to warn and failure to provide adequate equipment and protective devices by Clemco, MV, and Chevron. *Id.* at 6.

Plaintiff further alleges that Chevron was negligent in allowing Deceased to come onto and work on its platforms without proper equipment and materials, consequently failing to provide a safe workplace. *Id.* at 5. Plaintiff claims that the materials and equipment used by Deceased were defective in design, marketing, and their foreseeable use or misuse. *Id*. Finally, Plaintiff alleges that Defendant MV was covered under an applicable insurance policy issued by Lamorak, which is therefore liable for damages. *Id.* The policy allegedly insures to the benefit of Plaintiff, entitling Plaintiff to maintain direct action against Lamorak. *Id*.

Plaintiff alleges she suffered both emotional and financial harm as a result of her husband's death and the circumstances thereof. *Id*. at 7. Plaintiff also claims that as a proximate result of Deceased's death, Deceased suffered non-pecuniary loss. *Id.*

All Defendants separately answered the complaint and amended complaint, denying liability and asserting various affirmative defenses. R. Docs. 6, 9, 11, 12, 26, 29, 30, 31.

## II.    PRESENT MOTIONS

### a. Defendant Lamorak and MV's Motion for Partial Summary Judgment (R. Doc. 34)

Lamorak and MV ("Lamorak Defendants") seek partial summary judgment dismissing Plaintiff's claims for non-pecuniary losses. Defendants argue that "a Jones Act seaman or his survivors cannot recover non-pecuniary damages from a non-employer third party." R. Doc. 34 at 2 (citing *Scarborough v. Clemco Industries, Inc.*, 391 F.3d 660, 668 (5th Cir. 2004)). Defendants contend that, like the Plaintiff in *Scarborough*, Deceased filed a personal injury case in state court. As a part of that action, the Court determined that Deceased was a seaman, and therefore the rule in *Scarborough* applies to Plaintiff's claims here. While Defendants acknowledge that in *Collins v. A.B.C. Marine Towing, L.L.C.*, this Court determined that the "takeaway from *Townsend* . . . is that a seaman can recover punitive damages under general maritime law if the Jones Act is not implicated," they aver that *Collins* should not apply in this case, as it does not comport with the Fifth Circuit's *en banc* decision in *McBride v. Estis Well Service., L.L.C.*. 768 F.3d 382 (5th Cir. 2014). *Collins*, No. 14-1900, 2015 WL 5254710, at *5 (E.D. La. Sept. 9, 2015); R. Doc. 34 at 4.

Instead, Defendants argue that "*Scarborough,* which held that a seaman may not recover punitive damages against either his employer or a non-employer, is binding on this Court and has never been overruled." R. Doc. 34 at 4. According to Defendants, rather than overruling

3

*Scarborough,* the United States Supreme Court's decision in *Townsend* "simply allowed punitive damages for an employer's arbitrary withholding of maintenance and cure." R. Doc. 34 at 5. Because Plaintiff's claim does not involve maintenance and cure payments, Defendants contend that Plaintiff's claims for non-pecuniary damages must be dismissed. R. Doc. 34 at 5-6.

### b. Defendant Clemco's Motion for Partial Summary Judgment (R. Doc. 35)

Like the Lamorak Defendants, Clemco seeks partial summary judgment dismissing Plaintiff's claims for non-pecuniary damages. R. Doc. 35 at 2. Relying on *Scarborough*, Clemco argues Jones Act seamen and their survivors cannot recover non-pecuniary damages, even against non-employer third parties. R. Doc. 35 at 2 (citing *Scarborough,* 391 F.3d at 668). Clemco adopts the arguments made in the Lamorak Defendants' Motion, and contends that *Townsend* "did not overrule *Scarborough* as to the availability of non-pecuniary damages from a non-employer third party." R. Doc. 35 at 2. Thus, Clemco argues that Plaintiff's claims for non-pecuniary damages must be dismissed. R. Doc. 35 at 2.

### c. Defendant Chevron's Motion for Partial Summary Judgment (R. Doc. 36)

Chevron has filed a nearly identical motion, seeking partial summary judgment dismissing Plaintiff's claims for non-pecuniary damages. R. Doc. 36 at 2. Chevron admits it is a non-employer third-party, but argues that under *Scarborough*, Plaintiff's recovery against non-employer third parties is limited to pecuniary damages. R. Doc. 36 at 2. As such, Chevron contends that Plaintiff's claims for non-pecuniary damages must be dismissed. R. Doc. 36 at 2.

### d. Plaintiff's Response (R. Doc. 38)

Plaintiff opposes Defendants' Motions, arguing this Court's decision in *Collins* applies to this case and Plaintiff is entitled to recover non-pecuniary damages against non-employer third-parties under general maritime law. R. Doc. 38 at 2. Leaning heavily on this Court's reasoning in

*Collins*, Plaintiff argues that the Fifth Circuit's decision in *Scarborough* was based on *Guevara v. Maritime Overseas Corp.*, which was abrogated by the Supreme Court's decision in *Townsend*. R. Doc. 38 at 2-3 (citing *Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-1900, 2015 WL 5254710, at *4-5 (E.D. La. Sept. 9, 2015); *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1500 (5th Cir. 1995) *abrogated by Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009)). Thus, Plaintiff contends that *Scarborogh* is no longer good law and a plaintiff who brings a claim which does not implicate the Jones Act should be treated the same as any non-seaman. R. Doc. 38 at 3. Plaintiff argues that because the Jones Act is not implicated in her claims against non-employer third-parties in this case, she is not limited to pecuniary damages, and Defendants' Motions for partial summary judgment must be denied. R. Doc. 38 at 5.

      **e.  Defendants' Reply (R. Doc. 43)**

The Lamorak Defendants file a reply, R. Doc. 43, which the Clemco and Chevron Defendants adopt in full. R. Docs. 45, 46. Defendants argue that this case is identical to the claims in *Scarborough,* as Deceased was a seaman at the time of his injury and brings this claim under general maritime law. R. Doc. 43 at 1-2. According to Defendants, because a seaman is involved and the Jones Act applies, the Jones Act also limits recovery under general maritime law. R. Doc. 43 at 2. Further, Defendants argue that the Supreme Court in *Miles* recognized "the value of uniformity of damages awarded to the widow of a seaman from both employers and non-employers"—a principle that Defendants maintain was not modified by the Court's decision in *Townsend*. R. Doc. 43 at 2. Thus, Defendants argue that under general maritime law, a seaman's widow cannot recover non-pecuniary damages in a wrongful death action against any party – including third-party tortfeasors. R. Doc. 43 at 3-4.

### III. LAW AND ANALYSIS

#### a. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

b. **Discussion**

This Court is faced with the purely legal question of whether a seaman can recover non-pecuniary damages against a non-employer third-party tortfeasor under general maritime law. As an initial matter, the availability of punitive damages under common law and general maritime law predates the Constitution. *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 409-11, 2009 AMC 1521, 1525 (2009) (re-affirming the "general rule that punitive damages were available at common law [and] extended to claims arising under federal maritime law."). In spite of this long-standing tradition, in *Miles v. Apex*, the Supreme Court held that a seaman cannot recover non-pecuniary damages from his Jones Act employer either under a Jones Act negligence claim or under a general maritime law claim of unseaworthiness. 498 U.S. at 32, 1991 AMC at 11. In so holding, the Court explained, "it would be inconsistent with this Court's place in the constitutional scheme to sanction more expansive remedies for the judicially created unseaworthiness cause of action, in which liability is without fault, than Congress has allowed in cases of death resulting from negligence." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 20 (1990). For a time, trial and appellate courts extended the reasoning in *Miles*, nearly eliminating non-pecuniary damages in maritime personal injury and wrongful death cases. *See, e.g. Michel v. Total Transp., Inc.*, 957 F.2d 186, 191 (5th Cir. 1992); *Murray v. Anthony J. Bertucci Const. Co.*, 958 F.2d 127, 131 (5th Cir. 1992).

Finally, in *Atlantic Sounding Co. v. Townsend*, the Supreme Court interrupted this trend, explaining that its holding in *Miles* did not abolish all punitive damages under maritime law, as many courts seemed to be interpreting the decision. 557 U.S. at 420. The Court explained that such a reading of *Miles* "is far too broad" and reiterated that "[b]ecause punitive damages have long been an accepted remedy under general maritime law, and because nothing in the Jones Act altered

this understanding, such damages for the willful and wanton disregard of the maintenance and cure obligations should remain available in the appropriate case as a matter of general maritime law." *Id*. at 419-20.

For a time, after *Townsend*, it was unclear whether punitive damages were recoverable under general maritime law for non-maintenance and cure claims or were limited to only maintenance and cure claims.[1] District Courts in the Fifth Circuit went both ways. *Compare Snyder v. L & M Botruc Rental, Inc.*, 924 F. Supp. 2d 728, 737 (E.D. La. 2013) (dismissing claims for punitive damages under general maritime law) *with Callahan v. Gulf Logistics, L.L.C.*, No. 06 - 0561, 2013 WL 5236888, at *3 (W.D. La. Sept. 16, 2013) (holding punitive damages are available for actions under general maritime law). Judge Higginson writing for the panel in a scholarly opinion reviewed the historical development of punitive damages in general maritime law and concluded that when a seaman's personal injury or wrongful death claim was based only on general maritime law, punitive damages were available. *McBride v. Estis Well Serv., L.L.C.*, 731 F.3d 505 (5th Cir. 2013), *rev'd en banc*, 768 F.3d 382 (5th Cir. 2014). This decision extended the holding of *Townsend* to non-maintenance and cure claims. *Id.* More recently, however, in *McBride v. Estis Well Service*, on a rehearing *en banc*, the Fifth Circuit reversed the panel and concluded that *Townsend* was limited to maintenance and cure claims and that "the reasoning in *Miles* remains sound" for seaman personal injury and wrongful death claims. 768 F. 3d 382, 385 (5th Cir. 2014), cert. denied, (2015). In its *en banc* opinion, the Fifth Circuit determined that neither a seaman, nor his survivor, can recover punitive damages for personal injury or wrongful death claims based on either the Jones Act or general maritime law.

---

[1] For a discussion of how trial courts have addressed seaman's claims for punitive damages post *Townsend*, *see* Stevan C. Dittman, *Amiable or Merry? An Update on Maritime Punitive Damages*, 89 Tul. L. Rev. 1059, 1089-1101 (2015) ("Since *Townsend*, the courts have divided with respect to the impact of *Townsend* in situations not directly covered by the factual situation in *Miles*.").

8

Like *Miles*, the facts of *McBride* involved a "personal representative of a deceased seaman [who] sued the employer for wrongful death under the Jones Act and general maritime law." *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382 (5th Cir. 2014), *cert. denied,* 135 S. Ct. 2310 (2015). In so holding, the *en banc McBride* Court noted that when Congress enacted the Jones Act, it incorporated the Federal Employers' Liability Act's prohibition on non-pecuniary damages. *Id*. at 385-86. Further, the Fifth Circuit reasoned that the *Miles* Court found it could not "supplement the statute and allow more expansive damages" for an action based on unseaworthiness than Congress had allowed under the Jones Act, and therefore held "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990). In other words, the holding in *Townsend* was limited to maintenance and cure claims.

As this Court explained in *Collins v. A.B.C. Marine Towing, L.L.C.,* "neither the *Miles* nor the *en banc McBride* opinions address an action by a seaman against a non-employer third party tortfeasor." No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015). However, as Plaintiff has elected to bring this claim under general maritime law, she is bound by any limitations on damages that exist under that body of law. It has become clear since the *en banc* opinion in *McBride* that in wrongful death cases brought under general maritime law, a survivor's recovery from employers and non-employers is limited to pecuniary losses. *McBride*, 768 F.3d at 391. This is supported by the Fifth Circuit's decision in *Scarborough v. Clemco Industries*, which held a seaman may not recover punitive damages against either his employer or a non-employer third party. 391 F.3d 660, 668 (5th Cir. 2004). While the *Scarborough* decision at one time seemed to be undermined by *Townsend,* it has been given clarity and vitality by the *en banc* decision in *McBride. Scarborough* is based on *Miles,* which is the foundation for the Fifth Circuit's *en banc* decision in *McBride*.

*McBride*, 768 F.3d 382. Although the result may be different under another body of law,[2] the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a seaman's damages against both employers and non-employers are limited to pecuniary losses.[3] Thus, Plaintiff's claims for non-pecuniary damages in this case are controlled by the Fifth Circuit's holdings in *McBride* and *Scarborough*, and must be dismissed.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendants Lamorak and MV's Motion for partial summary judgment, R. Doc. 34, Defendant Clemco's Motion for partial summary judgment, R. Doc. 35, and Chevron's Motion for partial summary judgment, R. Doc. 36 are **GRANTED**.

New Orleans, Louisiana, this 1st day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[2] As this Court has reasoned previously:
> [I]f a seaman was transporting goods on land in the course and scope of his employment and was struck by a drunk driver, he may bring a claim against the drunk driver. The seaman may also have a claim against his or her employer as he was acting within the course and scope of his employment; however, his status as a seaman is irrelevant in his action against the drunk driver. The only relevant question is whether he does, in fact, have a cause of action for punitive damages under Louisiana law, which he undoubtedly does. La. Civ. Code Ann. art. 2315.4.

*Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015).

[3] It should be acknowledged, however, that this result creates an interesting anomaly. The Jones Act was enacted "for the benefit and protection of seamen who are peculiarly the wards of admiralty. Its purpose was to enlarge that protection, not to narrow it." *The Arizona v. Anelich*, 298 U.S. 110, 123 (1936). Yet under the present state of the law, nonseamen who are not covered by the Jones Act may now be afforded greater protection than seamen under general maritime law, a law that was created and nurtured for the benefit of seamen. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 215 (1996).