UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROSE WADE | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 16-502 |
| CLEMCO INDUSTRIES CORP., ET AL. | SECTION "L" (5) |

## ORDER AND REASONS

Before the Court is Defendants Mississippi Valley Silica Company, Inc., Lamorak Insurance Company, and Chevron's motion for partial summary judgment dismissing Plaintiff Rose Wade's claim for medical expenses incurred by her late-husband, Garland Wade. Rec. Doc. 60 & 62. Plaintiff opposes the motion. Rec. Doc. 63. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

I.  BACKGROUND

From approximately 1962 to 1971, Garland Wade was employed as a sandblaster and paint sprayer on vessels owned by Coating Specialists Inc. Rec. Doc. 1 at 2. Mr. Wade also worked on permanent fixed platforms owned or operated by Chevron U.S.A. Inc., both in Louisiana and in federal waters. *Id*. During this period, he was exposed to silica dust, which resulted in silicosis and eventually connective tissue cancer. Rec. Doc. 1 at 3; Rec. Doc. 19 at 1-2.

On September 20, 1973, Mr. Wade filed a lawsuit in the United States District Court for the Eastern District of Louisiana against his employer and several manufacturers or other non-employer entities under the Jones Act and general maritime law for damages. The case was assigned to Section E of the Court, and was settled by the then-parties. The Court entered a Stipulation of Facts, Findings of Fact and Conclusions of Law, a Judgment, a Satisfaction of

Docket and a Receipt and Release. Included in the settled causes of action were claims for past and future medical expenses. The current defendants—Mississippi Valley Silica Company, Inc. ("MV"), Lamorak Insurance Company, and Chevron—were not parties in the 1973 action and were not involved in that settlement.

Almost 42 years later, on January 21, 2015, Mr. Wade passed away. His widow, Ms. Wade, now brings the instant action against Defendants. She alleges that Defendants designed, marketed, manufactured, distributed or sold negligently-designed and manufactured products, exposing Mr. Wade to asbestos fibers which proximately and directly caused or aggravated his illness and death. Rec. Doc. 1 at 1-3, 6; Rec. Doc. 23 at 1-2. Specifically, she claims that Chevron was negligent in allowing Mr. Wade to come onto and work on its platforms without proper equipment and materials, consequently failing to provide a safe workplace. *Id.* at 5. Plaintiff claims that the materials and equipment used by Mr. Wade were defective in design, marketing, and their foreseeable use or misuse. *Id*. Finally, Plaintiff alleges that Defendant MV was covered under an applicable insurance policy issued by Lamorak, entitling Plaintiff to maintain direct action against Lamorak. *Id*. Plaintiff seeks $5,000,000.00 in damages, claiming she is entitled to a wrongful death action against Defendants pursuant to Louisiana and general maritime negligence law. Rec. Doc. 1 at 3; Rec. Doc. 19 at 2.

On February 1, 2017, this Court held that Plaintiff could only recover pecuniary losses against the nonemployer defendants here because "a seaman's damages against both employers and non-employers are limited to pecuniary losses under the Fifth Circuit's holdings in *McBride v. Estis Well Service., L.L.C.*, 768 F.3d 382 (5th Cir. 2014) and *Scarborough v. Clemco Industries, Inc.*, 391 F.3d 660, 668 (5th Cir. 2004). *See* Rec. Doc. 50. The issue before the Court today is

whether Plaintiff, Mr. Wade's widow, can seek medical expenses incurred by the decedent prior to his death as part of Plaintiff's pecuniary losses.

## II. PRESENT MOTION

Following the Court's February 1, 2017 Order finding that only pecuniary losses can be recovered, Plaintiff submitted as pecuniary losses medical bills incurred by Mr. Wade prior to his death, burial expenses, and certain information regarding loss of service. These expenses were accrued in 2014 and 2015, and this lawsuit was filed in 2015. Defendants' instant motion for summary judgment seeks dismissal of the claim for Decedent's medical bills, arguing that it is time-barred under 46 U.S.C. § 30106.

## III. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated

assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

## IV. LAW AND ANALYSIS

The question before the Court is whether Mr. Wade's widow can recover medical expenses incurred by Mr. Wade, damages that would have been otherwise unrecoverable by Mr. Wade himself when he was alive because the claim is prescribed under 46 U.S.C. § 30106.

As this Court previously noted, "Plaintiff has elected to bring this claim under general maritime law against alleged third-party non-employer tortfeasors, [so] she is bound by any limitations on damages that exist under that body of law." *Wade v. Clemco Indus. Corp.*, No. CV 16-502, 2017 WL 434425 (E.D. La. Feb. 1, 2017). It is undisputed that Mr. Wade was a seaman at the time he sustained the injuries that allegedly caused his eventual death. Therefore, because the deceased was a seaman, the only damages available to his widow, if any, are pecuniary damages. *Id.*; *see Bell v. Foster Wheeler Energy Corp.*, No. CV 15-6394, 2017 WL 889074, at *4 (E.D. La. Mar. 6, 2017); *see also Neal v. Barisich, Inc.*, 707 F. Supp. 862, 866 (E.D. La.), *aff'd*, 889 F.2d 273 (5th Cir. 1989). However, it is important to recognize that for nonseaman, the Supreme Court's decision in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 214-15 (1996), allows general maritime law remedies to be supplemented with applicable state law remedies. The

*Yamaha* Court drew a distinction between "seafarers" and "nonseafarers," and held that the general maritime wrongful death action does not preempt state remedies in cases involving the death of a nonseafarer in territorial waters. *Id.* Here, because decedent is a seaman, *Yamaha* is not applicable. The instant issue—whether the decedent's medical expenses are time-barred—is thus analyzed under general maritime law rather than the state wrongful death statute.

Defendants argue that the time has passed for Plaintiff to bring suit arising from Mr. Wade's past injuries. According to Defendants, Plaintiff had until 1983 to file a claim for medical expenses against all parties who did not settle in 1973.[1] Plaintiff, on the other hand, avers that the present claim for wrongful death damages (including decedent's medical expenses) could not have accrued to his widow until Mr. Wade's death in 2015 and the instant suit was subsequently filed in 2016. The Court will address the parties' arguments below.

Under both general maritime law and the Jones Act, "[e]xcept as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." 46 U.S.C. § 30106 (formerly codified as 46 U.S.C. § 763(a)). A cause of action accrues when plaintiff "ha[s] a reasonable opportunity to discover his injury, its cause, and the link between the two." *Crisman v. Odeco, Inc.*, 932 F.2d 413, 415 (5th Cir. 1991).

The clock starts ticking for purposes of the statute of limitations for claims under general maritime law when a plaintiff knew or should have known of his or her injury and its causes. *See White v. Mercury Marine*, 129 F.3d 1428 (11th Cir. 1997). The statute of limitations runs from

---

[1] Prior to 1980, the maritime doctrine of "laches" determined whether a claim was prescribed. In 1980, Congress adopted 46 U.S.C. § 763, which provided a uniform three-year statute of limitations for maritime personal injury and wrongful death claims. Therefore, decedent not only had the opportunity to file lawsuit against Defendants in 1973, but arguably also from 1980–83 after Congress enacted 46 U.S.C. § 763.

the date of injury, unless the harm from the injury is too minor to be noticed at the time of the injury. "If greater than *de minimis* harm is discernable at the time of the tortious event, then the 'time of the event' rule applies, plaintiff's cause of action accrues, and the statute of limitations begins to run." *Hicks v. Hines Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987). The statute of limitation runs from "the date of such wrongful act, neglect or default" and not from the date of death, and therefore the running of time was determined from the date of the injury. *See The Law of Maritime Personal Injuries* § 12:13.

Here, Mr. Wade's cause of action under the Jones Act and general maritime law accrued or arose before his 1973 lawsuit in which he asserted that he had silicosis due to the fault of his employer and certain non-employers. Mr. Wade knew of his illness then, and should have known of its extent when he entered into a Receipt and Release in 1974—albeit not with the current Defendants. At that point in time, Mr. Wade had knowledge of his injuries and filed suit under the Jones Act and general maritime law against his employer for damages, including for past and *future* medical bills (such as those incurred in 2014 and 2015). But Mr. Wade did not sue Defendants MV, Lamorak and Chevron then, even though he had reasonable opportunity to discover the facts surrounding his injury when he filed his initial lawsuit in 1973 and had ample time to sue all interested parties. Accordingly, this Court finds that the medical expense claim was statutorily time-barred prior to Mr. Wade's death. His widow, upon Mr. Wade's death, simply inherited a prescribed claim or a dead claim that cannot now be resurrected and pursued as a wrongful death claim.

Furthermore, this Court considers the public policy and Congress's intent in repealing § 763 and enacting § 763a. "The stated intent of the legislation is to provide a uniform statute of limitations period for *all* maritime torts." *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1038 (9th

Cir. 1985) (citing H.R. Rep. No. 737, 96th Cong., 2d Sess. 1, *reprinted in* 1980 U.S. Code Cong. & Ad. News 3303). "In particular, Congress was concerned with eliminating the uncertainty caused by reliance upon the doctrine of laches to set the time limit for bringing a suit under the general admiralty concept of "unseaworthiness." *Id.*

So, too, is this Court concerned with the need for finality. It is arbitrary to say that the final medical bill from one's death bed revives an otherwise time-barred claim. Plaintiff has not cited any convincing case that affirms this posture. Normally, a seaman's spouse can recover pecuniary damages, under wrongful death or survival actions, *see Neal*, 707 F. Supp. at 867, but in this particular case, Plaintiff has merely inherited a meaningless time-barred claim for medical expenses.

Plaintiff emphasizes three cases to survive summary judgment on this issue. None, however, are applicable here.

First, Plaintiff cites *Pounds v. Rogersol, Inc*. to highlight that a wrongful death statute creates a new cause of action that accrues at death. *See* No. 3:07-CV-554-WHB-LRA, 2010 WL 11530699 (S.D. Miss. July 21, 2010). But that case, applying Mississippi state law, is not helpful. Federal maritime law governs here, and Mississippi's wrongful death statute does not aid in the interpretation or application of 46 U.S.C. § 30106.

Second, Plaintiff notes *Bodden v. American Offshore, Inc.*, 681 F.2d 310 (5th Cir. 1982). *Bodden*, however, only states that a surviving spouse of a seaman has a cause of action for wrongful death where the decedent, prior to his death, settled his claim for injuries. The question now is not whether a claim for wrongful death exists, but rather whether the wrongful death claim can recover on a prescribed claim. The *Bodden* case offers no guidance on this issue.

7

Finally, Plaintiff asks the Court to consider *Sea-land Services, Inc. v. Gaudet*, 414 U.S. 573 (1974), which recognized that a widow's maritime wrongful death action was not barred by longshoreman's recovery in his lifetime of damages for his personal injuries, and that a widow could recover damages for loss of support, services, society and funeral expenses. *Gaudet*, however, was superseded by statutory amendments to the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b). *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 31 n.1 (1990) (explaining that the amendments to LHWCA "have rendered *Gaudet* inapplicable on its facts"). Moreover, in this case, Plaintiff is not claiming loss of support, and the non-pecuniary damage of loss of society is no longer available to her. *See Murray v. Anthony J. Bertucci Const. Co.*, 958 F.2d 127, 133 (5th Cir. 1992). Thus, Plaintiff has not offered any relevant case (and the Court has not found one) that persuades the Court to conclude that a prescribed claim can be resurrected by the prescribed party's death and brought by his surviving widow.

## V. CONCLUSION

Plaintiff's demand for medical expenses is prescribed by 46 U.S.C. § 30106. The only remedies that remain now, if liability is proven, are for loss of services and funeral expenses. Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment (Rec. Doc. 60) is hereby **GRANTED**.

New Orleans, Louisiana, this 2nd day of January, 2018.

**ELDON E. FALLON**
United States District Judge